IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TINA CONNOLLY, | ) | |
| ID # 54308-177, | ) | |
|       Movant, | ) | No. 3:18-CV-51-M-BH |
| vs. | ) | No. 3:16-CR-242-M-14 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|       Respondent. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, received on January 9, 2018 (doc. 2). Based on the relevant findings and applicable law, the motion should be **DENIED** with prejudice.

**I. BACKGROUND**

Tina Connolly (Movant) challenges her federal conviction and sentence in Cause No. 3:16-CR-242-M-14. The respondent is the United States of America (Government).

**A.**    **Plea and Sentencing**

On May 27, 2016, Movant was charged by complaint with conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. (*See* doc. 1.) By indictment dated June 7, 2016, she was charged with: (1) conspiracy to possess with intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (count one); (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) (count nine); and (3) being a felon in possession of a firearm in violation of 18

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

U.S.C. §§ 922(g)(1), 924(a)(2) (count twelve). (*See* docs. 1, 67.)² She pled guilty to count nine of the indictment on October 13, 2016, pursuant to a plea agreement. (*See* docs. 221, 343, 372.)

In the plea agreement, Movant agreed that the maximum penalties the Court could impose for count nine included imprisonment for not than 20 years. (*See* doc. 221 at 2.) She understood that her sentence would be imposed after consideration of the sentencing guidelines, which were not binding, and that the actual sentence imposed was within the sole discretion of the Court. (*See id.* at 2-3.) The Government agreed that it would dismiss the remaining counts in the pending indictment, and that it would not bring any additional charges against her based on the underlying conduct and related to her guilty plea. (*See id.* at 4.) Movant agreed to waive her right to appeal or otherwise challenge her conviction and sentence, but she reserved the right to bring a direct appeal of a sentence exceeding the statutory maximum punishment or an arithmetic error at sentencing, challenge the voluntariness of her guilty plea or the appellate waiver, and bring a claim of ineffective assistance of counsel. (*See id.* at 5.)

Movant also signed a factual resume admitting facts sufficient to support her plea. (*See* doc. 220.) She agreed that during the period charged in the indictment, she knowingly possessed with intent to distribute a mixture or substance containing a detectable amount of methamphetamine. (*See id.* at 1-2.)³ She also agreed and stipulated that she was responsible for at least 289.36 grams of methamphetamine. (*See id.* at 2.)

On November 23, 2016, the United States Probation Office (USPO) filed a Presentence

---

² Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:16-CR-242-M-14.

³ Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Report (PSR) in which it applied the 2016 United States Sentencing Guidelines Manual (USSG). (*See* doc. 426-1 at 13, ¶ 64.) It found that the base offense level for count nine based on amount of methamphetamine for which Movant was held liable was 38. (*See id.* at 13, ¶ 65.) Two levels were added under USSG § 2D1.1(b)(1) because she possessed a dangerous weapon; two levels were added because the offense involved the importation of methamphetamine; and three levels were added because she was a manager or supervisor. (*See id.* at 13-14, ¶¶ 66-67, 69.) The offense level was decreased by three levels for acceptance of responsibility, resulting in a total offense level of 42. (*See id.* at 14, ¶¶ 73-75.) Based on a criminal history category of four and an offense level of 42, the resulting guideline range was 360 months to life. (*See id.* at 26, ¶ 145.) The statutory maximum term of imprisonment was 20 years. (*See id.* at 26, ¶ 144.)

Defense counsel's sole objection was to the factual assertion in the PSR that Movant was "held accountable for a total of 16 kilograms of methamphetamine (actual), *comprising of 8 kilograms on at least two prior occasions*." (*See* doc. 436 at 1) (emphasis in original). He argued that there was no evidence to support that she engaged in single transactions involving this quantity of methamphetamine, but conceded that the PSR guideline calculation would not be affected. (*See id.*) The Government responded that the PSR set forth evidence underlying the drug calculation, including Movant's statement that "she had been distributing kilogram quantities of methamphetamine on a daily basis" and had distributed "approximately 8 to 10 kilograms per week." (*See* doc. 454 at 1 (quoting doc. 426-1, ¶ 54).) Counsel also filed a sealed motion for departure and/or sentencing variance largely based on Movant's physical condition and for expedited sentencing. (*See* doc. 723 at 6-7.)

At sentencing on December 16, 2016, the Court noted that Movant had submitted letters

3

regarding her health issues, and stated that it was aware of those issues. (*See* doc. 723 at 2.) It recognized that defense counsel's objection to the PSR was merely one made for clarification with no impact on the drug quantity for which she was held responsible. (*See id.* at 6.) Counsel explained Movant's considerable health issues and argued for a sentence less than the statutory maximum based on her age and deteriorating health, and Movant also addressed the Court and explained her background. (*See id.* at 8-12.) The Court expressly stated its sympathy towards Movant's medical needs. (*See id.* at 16.) It declined to depart downward on the basis, however, and sentenced her to 240 months' imprisonment by judgment entered on January 11, 2017. (*See id.* at 18; doc. 503.) Movant did not file an appeal.

**B.   Substantive Claims**

In five grounds, Movant contends that counsel was ineffective for failing to:

(1) move to dismiss the indictment based on vagueness because it did not state the amount of drugs she possessed, and because she was not *Mirandized* and advised of the charges,

(2) investigate her role and her interrogation,

(3) advise her of options that would have lowered her sentence,

(4) negotiate with the government for a specific sentence or move for a downward departure based on her medical problems, and

(5) challenge the calculation of the guidelines, including the drug quantity and her role in relation to her co-conspirators, and her criminal history score.

(*See* 3:18-CV-51-M-BH, doc. 2 at 1-7.) The Government filed a response on April 25, 2018. (*See id.*, doc. 10.) Movant's reply, received on June 29, 2018, seeks a new sentence of 63 months' imprisonment, which she deems adequate for her crime, health conditions, and involvement in the case. (*See id.*, doc. 11.)

4

## II. SCOPE OF RELIEF UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well-established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[ ] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar defense. *Willis*, 273 F.3d at 597.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

The Sixth Amendment to the United States Constitution provides in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. It guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*,

5

469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the petitioner must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 687. A failure to establish either prong of the *Strickland* test requires a finding that counsel's performance was constitutionally effective. *Id.* at 696. The Court may address the prongs in any order. *Smith v. Robbins*, 528 U.S. 259, 286 n.14 (2000).

In determining whether counsel's performance is deficient, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance." *Strickland*, 466 U.S. at 689. "The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Id.* at 691. To establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694; *Williams v. Taylor*, 529 U.S. 362, 393 n.17 (2000) (inquiry focuses on whether counsel's deficient performance rendered the result of the trial unreliable or the proceeding fundamentally unfair). Reviewing courts must consider the totality of the evidence before the finder of fact in assessing whether the result would likely have been different absent counsel's alleged errors. *Strickland*, 466 U.S. at 695-96.

To show prejudice in the sentencing context, a movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his or her sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). One cannot satisfy the second prong of *Strickland* with mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Moreover, conclusory allegations are insufficient to

6

obtain relief. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

### A.     **Pre-Plea Stage**

Once Movant voluntarily and knowingly pleaded guilty, she waived all claims of ineffective assistance of counsel occurring prior to the plea, except for those relating to the voluntariness of her plea. *See United States v. Palacios*, 928 F.3d 450, 455 (5th Cir. 2019) (quoting *United States v. Glinsey*, 209 F.3d 386, 392 (5th Cir. 2000) ("A voluntary guilty plea waives all nonjurisdictional defects in the proceeding against the defendant."); *United States v. Daughenbaugh*, 549 F.3d 1010, 1012 (5th Cir. 2008) ("It is well settled that '[w]hen a defendant enters a voluntary and unconditional plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings.'") (quoting *United States v. Stevens*, 487 F.3d 232, 238 (5th Cir. 2007)); *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir 1983) ("[O]nce a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived.") (citing *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982)). In *Tollett v. Henderson*, 411 U.S. 258 (1973), the Supreme Court held:

> "[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Id.* at 267.

Here, Movant does not allege that her guilty plea was not knowing and voluntary. Her three

pre-plea ineffective assistance of counsel claims are therefore waived because they do not relate to the voluntariness of her plea. *See Palacios*, 928 F.3d at 455. Moreover, even if she could demonstrate that these claims were not waived, they fail on the merits, as addressed below.

### *1.    Motion to Dismiss*

In her first ground, Movant argues that her attorney rendered ineffective assistance of counsel by failing to move to dismiss the indictment. (*See* 3:18-CV-51-M-BH, doc. 2 at 1-2.)

#### *a.    Vagueness*

Movant claims that the indictment was vague because it lacked a specific drug quantity and evidence to support each count, and that counsel failed to require that it state the amounts she possessed, where the amounts came from, and what information the law enforcement agents were given to get a search warrant. (*See id.*, doc. 2 at 1-2)

"To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense." *United States v. White*, 258 F.3d 374, 381 (5th Cir. 2001) (quoting *United States v. Cabrera-Teran*, 168 F.3d 141, 143 (5th Cir. 1999), *overruling on other grounds recognized by United States v. Longonia*, 298 F.3d 367, 372 n.6 (5th Cir. 2002)). "[A]n indictment must set forth the offense with sufficient clarity and certainty to apprise the accused of the crime with which he is charged." *United States v. Kay*, 359 F.3d 738, 742 (5th Cir. 2004) (quoting *United States v. Bearden*, 423 F.2d 805, 810 (5th Cir. 1970)). With drug charges in an indictment, the drug quantity must be alleged only where the government seeks an enhanced penalty under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B). *United States v. Randle*, 304 F.3d 373, 376 (5th Cir. 2002) (citing *United States v. Doggett*, 230 F.3d 160, 163 (5th Cir. 2000)).

Here, Movant was charged in counts one, nine, and twelve of the indictment. (*See* doc. 221

8

at 1-2.) Count one alleges a conspiracy to distribute more than a specific drug quantity, and count twelve is not a drug charge. (*See* doc. 67.) Count nine, to which Movant pleaded, alleges:

> On or about January 19, 2016, in the Dallas Division of the Northern District of Texas, the defendant, Tina Connolly, knowingly possessed with intent to distribute a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

(*See id.*) (emphasis omitted).

Because Movant was charged under 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), a specific drug quantity was not necessary. *See Randle*, 304 F.3d at 376. Any motion to dismiss the indictment on the basis that the drug quantity was insufficiently alleged would have been dismissed as meritless. *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) (failing to make a frivolous argument does not render counsel's performance unreasonable). Movant fails to demonstrate deficient performance under *Strickland*. She also fails to show prejudice. In the context of a case involving a guilty plea, such as this one, the movant must show a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Movant has failed to demonstrate that but for her counsel's alleged error, she would not have pled guilty and would have insisted on going to trial. Movant has failed to show that she is entitled to § 2255 relief on her first claim.[4]

### b. Miranda

Movant appears to also claim that her attorney should have moved to dismiss the indictment because she was questioned without receiving proper *Miranda* warnings and without being advised of the charges against her. (*See* 3:18-CV-51-M-BH, doc. 2 at 2.)

---

[4] The two-pronged *Strickland* test applies in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

"*Miranda* warnings are required only if an individual is both 'in custody' and 'subjected to interrogation.'" *United States v. Arellano-Banuelos*, 912 F.3d 862, 865 (5th Cir. 2019) (quoting *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980)). The term "interrogation" refers to words or actions that law enforcement should know are generally likely to evoke an incriminating response. *Gladden v. Roach*, 864 F.2d 1196, 1198 (5th Cir. 1998). When there is an interrogation, warnings under *Miranda* are not necessary unless the person is "in custody for the purposes of *Miranda*." *United States v. Wright*, 777 F.3d 769, 777 (5th Cir. 2015). When determining whether an individual is "in custody" for *Miranda* purposes, a court must decide whether, in light of the objective circumstances of the interrogation, a reasonable person would have felt they were not free to end the interrogation or leave. *Dolph v. Davis*, 765 F. App'x 986, 990 (5th Cir. 2019) (citing *Howes v. Fields*, 565 U.S. 499, 509 (2012)).

Here, Movant has not shown how counsel's performance was deficient. Her conclusory allegations are insufficient to raise a constitutional issue because she has failed to allege facts demonstrating that *Miranda* warnings were legally required. *See Green v. Johnson*, 160 F.3d 1029, 1041 (5th Cir. 1998) ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."). She has also failed to show how counsel's failure to move to dismiss the charges because she was questioned without *Miranda* warnings and without being advised of the charges prejudiced her. Movant has failed to show that she is entitled to § 2255 relief on this claim.

### 2. *Investigation*

In her second ground, Movant argues that her attorney was ineffective for failing to properly investigate her case, including her role and the circumstances surrounding her interrogation to

10

determine her condition at the time and whether she was advised of her *Miranda* rights. (*See* 3:18-CV-51-M-BH, doc. 2 at 3.)

> [S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation. In other words, counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary. In any ineffectiveness case, a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments.

*Newbury v. Stephens*, 756 F.3d 850, 873 (5th Cir. 2014) (alteration in original) (quoting *Strickland*, 466 U.S. at 690-91).

"A [movant] who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989); *see also United States v. Rodriguez*, 53 F.3d 1439, 1449 (7th Cir. 1995) ("[A] defendant has a burden of supplying sufficiently precise information of the evidence that would have been obtained had his counsel undertaken the desired investigation, and of showing whether such information . . . would have produced a different result.") (quotation marks omitted). To demonstrate prejudice, a defendant must point to evidence that would have been produced through a more thorough investigation. *See United States v. Lewis*, 786 F.2d 1278, 1283 (5th Cir. 1986).

Here, Movant argues that counsel should have investigated certain matters, but she fails to explain what information he should have discovered and how it would have been advantageous to her defense. *See Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994) ("[W]ithout a specific, affirmative showing of what the missing evidence or testimony would have been, a habeas court

11

cannot even begin to apply *Strickland's* standards because it is very difficult to assess whether counsel's performance was deficient, and nearly impossible to determine whether the petitioner was prejudiced by any deficiencies in counsel's performance.") (internal quotation marks omitted)). Because her allegations fail to demonstrate prejudice under the *Strickland* standard, this Court need not address the performance prong. *See Amos v. Scott*, 61 F.3d 333, 348 (5th Cir. 1995). Movant has failed to show that she is entitled to § 2255 relief on this claim.

### 3. *Advice*

In her third claim, Movant summarily argues that her attorney failed to advise her of "choices" that would have led to a lower sentence. (*See* 3:18-CV-51-M-BH, doc. 2 at 4.)

Conclusory allegations are insufficient to raise an issue of ineffective assistance of counsel under *Strickland*. *See Miller*, 200 F.3d at 282 (recognizing "conclusory allegations of ineffective assistance of counsel" are insufficient under the *Strickland* standard); *Green*, 160 F.3d at 1042 ("Mere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue."); *Woods*, 870 F.2d at 288 n.3 ("[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.").

Movant's allegations must be construed liberally. *See United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Nevertheless, they are still not adequately specific to demonstrate deficient performance because she fails to identify what "choices" counsel failed to make her aware of, or what advice he failed to provide. Under the prejudice prong, she has failed to explain how being unaware of these "choices" detrimentally impacted her. Movant has not shown entitlement to relief under § 2255 on this claim.

12

### *4.     Plea Negotiations*

In her fourth claim, Movant argues that her attorney failed to negotiate a better plea with the Government, including one for a specific sentence. (*See* 3:18-CV-51-M-BH, doc. 2 at 5, 6.)

"[T]he negotiation of a plea bargain is a critical phase of litigation for the purposes of the Sixth Amendment right to effective assistance of counsel." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013) (quoting *Padilla v. Kentucky*, 559 U.S. 356, 130 (2010)). "When considering whether to plead guilty or proceed to trial, a defendant should be aware of the relevant circumstances and the likely consequences of his decision so that he can make an intelligent choice." *Id.* (quoting *United States v. Rivas–Lopez*, 678 F.3d 353, 356-57 (5th Cir. 2012)).

Movant had the right to effective assistance of counsel during plea negotiations. *See Missouri v. Frye*, 566 U.S. 134, 140 (2012) (a defendant is entitled to counsel at all criminal stages of the proceedings). She has failed to show how her counsel's performance was constitutionally deficient, however. Defendants do not have an absolute right to a plea agreement. *See Weatherford v. Bursey*, 429 U.S. 545, 561 (1977). Although she claims that her plea agreement should have included a stipulation regarding her advisory guideline range and ultimate sentence, which would have essentially limited the Court's discretion, she has failed to demonstrate that the Government was willing to negotiate on these terms. She has therefore not shown prejudice. *See Wolfe v. Dretke*, 116 F. App'x 487, 495 (5th Cir. 2004) (concluding that the defendant failed to demonstrate prejudice because he failed to show that the prosecutor would have offered a plea bargain if his attorney had pursued one). Movant is not entitled to § 2255 relief on this claim.

### B.     <u>Sentencing Stage</u>

Movant also contends that her counsel rendered ineffective assistance at the sentencing stage.

(*See* 3:18-CV-51-M-BH, doc. 2 at 5.)

### 1. *Downward Departure*

In her fourth claim, Movant also argues that her attorney was ineffective for failing to file a motion for downward departure on the basis of her various medical problems, and that if the Court had been made aware of her health problems and the fact that a lengthy sentence would mean she would possibly die in prison, it would likely have departed downward. (*See id.*)

Contrary to Movant's argument, defense counsel filed a motion for departure and/or sentencing variance below the advisory guideline range, which was largely based on her age and health. (*See* doc. 467-1 at 2, 4-5, 7.) As noted, at sentencing, the Court acknowledged the motion for downward departure as well as Movant's letters addressing her health issues, and it specifically stated it was aware of those issues. (*See* doc. 723 at 2, 6-7.) Counsel argued for a lower sentence based on Movant's age and health issues, and the Court declined to depart on that basis. (*See id.* 8-12, 18.) Movant's claim fails under both prongs of the *Strickland* standard.

### 2. *Disparity*

In her fifth claim, Movant argues that her attorney rendered ineffective assistance by failing to argue the disparity in sentencing between her and her co-defendants. (*See* 3:18-CV-51-M-BH, doc. 2 at 7.) She claims that based on her factual resume and the fact that she denied being part of the conspiracy, her attorney knew she was one of the least-involved participants. (*See id.*)

A sentencing court must consider "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6); *United States v. Waguespack*, 935 F.3 322, 337 (5th Cir. 2019); *United States v. Garcia*, 789 F. App'x 410, 413 (5th Cir. 2019). The defendants must be similarly situated in "all

14

relevant respects." *United States v. Martinez*, 739 F. App'x 245, 247 (5th Cir. 2018) (mem.); *see United States v. Robinson*, 620 F. App'x 234, 235 (5th Cir. 2015) ("[Defendant] has not established that his sentence was disparate from the sentences of similarly situated defendants. He points to no nationwide statistics.") (emphasis added)). When a sentence falls within the guidelines range, "the unwarranted-disparity factor is not afforded significant weight." *Waguespack*, 935 F.3d at 337 (quoting *Martinez*, 739 F. App'x at 247); *United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011).

Here, Movant has failed to allege deficient performance. There is no indication from the text of 18 U.S.C. § 3553(a)(6) that it applies specifically to the consideration of disparity among co-defendants. The Fifth Circuit has interpreted the § 3553(a)(6) disparity factor to involve the issue of "the need to avoid disparity among similarly-situated defendants nationwide rather than disparity with" a co-defendant. *United States v. Candia*, 454 F.3d 468, 476 (5th Cir. 2006) (quoting *United States v. Duhon*, 440 F.3d 711, 721 (5th Cir. 2006)).[5] Finally, there is a presumption that a sentence is reasonable when, such as in this case, the court imposes a sentence that is within (or below) the guidelines range. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Movant has failed to show that she is entitled to § 2255 relief on this claim.

### 3.   *Drug Quantity*

Movant also argues in her fifth claim that her attorney rendered ineffective assistance of counsel by failing to object to the drug-quantity determination in the PSR. (*See* 3:18-CV-51-M-BH, doc. 2 at 4.) Although not clear, she appears to claim that she should only be held responsible for the drug quantity she admitted to in the factual resume. (*See id.*)

---

[5] The Court noted that Movant was the first to be sentenced in the case, and that she had the highest guideline range of those for whom a calculation had been prepared, but it also recognized that it expected the individual at the top of the pyramid to have the highest guideline range, and that Movant "is probably second in this whole group of defendants." (*See* doc. 723 at 14.)

"The district court's drug quantity calculation is a factual determination[.]" *United States v. Perez*, 785 F. App'x 207, 208 (5th Cir. 2019); *accord United States v. Rodriquez*, 756 F.3d 422, 434-35 (5th Cir. 2014). When assessing the drug quantity attributable to a specific defendant, the court can look to any information with a sufficient indicia of reliability. *Perez*, 785 F. App'x at 208. Generally, a presentence report has sufficient indicia of reliability so the "court may adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence." *Id.* (quoting *United States v. Alford*, 142 F.3d 825, 831-32 (5th Cir. 1998)); *accord United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). A defendant attempting to attack the reliability of a PSR bears the burden of demonstrating that the information in the PSR is "materially untrue, inaccurate and unreliable." *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013).

Here, counsel did object to the PSR's explanation of the drug quantity, even if the objection did not impact the guideline calculation. (*See* doc. 436 at 1.) Moreover, any objection to the drug-quantity determination on the basis that it was more than the amount she admitted to in the factual resume would have been meritless. In her factual resume, she agreed that she was responsible for "at least" 289.36 grams of methamphetamine. (*See* doc. 220 at 2.) The drug-quantity determination in the PSR is consistent with Movant's factual resume. (*See* doc. 220 at 2.) The PSR also outlines evidence that supports the drug-quantity determination at sentencing. (*See* doc. 426-1, ¶¶ 10-56.) *See United States v. Gomez-Alvarez*, 781 F.3d 787, 796 (5th Cir. 2015) (recognizing that information contained in the PSR is presumed reliable). Movant has not met her burden of demonstrating that the information contained in her PSR is "materially untrue, inaccurate and unreliable." *Alaniz*, 726 F.3d at 619. She is not entitled to § 2255 relief on this claim.

### 4. *Criminal History*

Finally, in her fifth claim, Movant argues that her attorney was ineffective for failing to challenge the calculation of her criminal history score. (*See* 3:18-CV-51-M-BH, doc. 2 at 6.) She claims that her criminal history was overstated by 5 points because it went all the way back to 1986, when it usually goes back no further than 10 years, unless a crime results in significant jail time. (*See id.,* doc. 2 at 6.) She claims this impacted her sentence, which should have been no more than 78 to 97 months, or 92 to 115 months, and not the 240 months she received. (*See id.,* doc. 2 at 7.)

The total points from subsections (a) through (e) of USSG § 4A1.1 determine the criminal history category (I-VI):

> (a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
>
> (b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
>
> (c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this subsection.
>
> (d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.
>
> (e) Add 1 point for each prior sentence resulting from a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was treated as a single sentence, up to a total of 3 points for this subsection.

USSG § 4A1.1.

Here, the PSR calculated a criminal history score of 7. (*See* doc. 426-1, ¶ 99.) Movant was given 3 criminal history points for a 2016 conviction for obtaining a controlled substance fraudulently, for which she was sentenced to 2 years' imprisonment. (*See id.,* ¶ 95.) She received 1 criminal history point for a theft of $50 conviction that resulted in a sentence of 30 days in jail.

17

(*See id.*, ¶ 96.) She received 2 criminal history points for the fraudulent use/possession of identifying information conviction, for which she was sentenced to 90 days in jail. (*See id.*, ¶ 97.) She also received 1 criminal history point for an unlawful possession of a controlled substance conviction, for which she received a sentence of 9 days in jail. (*See id.*, ¶ 98.)

The PSR scored Movant's convictions consistent with USSG § 4A1.1, so any objection by defense counsel would have been meritless. Counsel's failure to raise this meritless argument does not amount to ineffective assistance of counsel. *See Kimler*, 167 F.3d at 893. Movant has failed to show that she is entitled to § 2255 relief on this claim.

### IV. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. A movant is entitled to an evidentiary hearing on his § 2255 motion only if he presents "independent indicia of the likely merit of [his] allegations." *United States v. Reed*, 719 F.3d 369, 373 (5th Cir. 2013). "[B]are, conclusory allegations unsupported by other indicia of reliability in the record, do not compel a federal district court to hold an evidentiary hearing." *Ross v. Estelle*, 694 F.2d 1008, 1012 n.2 (5th Cir. 1983); *accord United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (noting that "[i]f the defendant produces independent indicia of the likely merit of her allegations, typically in the form of one or more affidavits from reliable third parties, she is entitled to an evidentiary hearing on the issue"); *United States v. Auten*, 632 F.2d 478, 480 (5th Cir. 1980) (noting that mere conclusory allegations are not sufficient to support a request for an evidentiary hearing).

Here, Movant has failed to demonstrate the existence of a factual dispute that creates a genuine issue. She has also failed to come forward with independent indicia in support of the likely

merit of her claims. *See Reed*, 719 F.3d at 393. She has therefore failed to demonstrate she is entitled to an evidentiary hearing on any of her claims.

## V. RECOMMENDATION

The movant's motion to vacate, set aside, or correct sentence under to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SO RECOMMENDED** this 25th day of January, 2021.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE